IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03060-~~BNB~~NYW

KAREN TRUJILLO,
        Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
        Defendant.

---

**STIPULATED ~~MOTION FOR~~ PROTECTIVE ORDER**

---

The Parties, by and through their respective counsel, stipulate and agree to the entry of the following protective order and ~~move the Court to approve and order the protection sought herein as~~ represents as follows:

Defendant requests an order protecting the confidentiality of certain documents identified in Defendant's responses to the requests for production of documents of Plaintiff. Defendant also requests an order preventing the dissemination or reproduction of the videotaped depositions of Defendant's employees. The Defendant agrees that the documents and the videotapes may be used in this litigation but assert that they contain proprietary, confidential, competitively sensitive and/or trade secret information. Defendant has requested that this court enter an order to protect the confidentiality of the documents and the videotapes.

Rule 26(c) C. R. C. P. provides that upon motion by a party and for good cause shown a court may make any order which justice requires to protect a party. When determining whether good cause exists for issuance of a protective order in a particular case, the trial court must balance the competing interests that would be served by granting or denying discovery, including a party's need for the information against the injury which might result from unrestricted disclosure. Here, the interests of both parties can be served by issuing a protective order to protect the confidentiality of the documents and videotaped depositions while at the same time allowing the Plaintiff access to the documents and videotapes for use in this litigation.

<u>Upon consideration of the representations of the Parties,</u> THE COURT HEREBY ORDERS:

That the Stipulated Motion for Protective Order is granted. Defendant is ordered to mark any documents <u>subject to the provisions of this Protective Order</u> as confidential prior to production to Plaintiff.

It is further ordered that this protective order will cover all other internal documents produced by Defendant that Defendant asserts contain proprietary, confidential, competitively sensitive and/or trade secret information, <u>so long as those documents are in fact, confidential pursuant to Fed. R. Civ. P. 26(c)(1)(G)</u>.

All such documents and videotapes designated by Defendant as confidential will be covered by this protective order. If Plaintiff objects to Defendant's designation of documents or videotaped depositions as confidential, Plaintiff will abide by this protective order, but can file a motion in this case challenging the confidentiality of the designated document or videotape and may request that the Court except the challenged documents and videotape from the Protective Order.  <u>The Party designating a document confidential will bear the burden of establishing that it is entitled to such protection.</u>

4816-7464-3731.1

THE COURT FURTHER ORDERS:

1. That Plaintiff and her attorney protect the documents and videotaped depositions from disclosure, dissemination and publication to anyone except the attorneys of record in this case, and such personnel and staff of counsel, including Plaintiff's insurance claims expert as is necessary for the conduct of this case only;

2. That the documents and videotaped depositions may not be used for any purpose whatsoever, except for pre-trial preparation and trial of this case and only this case;

3. That no copies, duplications or reproductions of the documents and videotaped depositions shall be provided to Plaintiff's insurance claims expert without first obtaining a signed Agreement of Confidentiality (Appendix A) from such person, agreeing to hold all such materials in confidence and agreeing to the terms and conditions set forth in this Protective Order;

4. ~~That no copies, duplications or reproductions of the documents or videotaped depositions may be part of the public record of this case, whether in evidence or otherwise, although this Order does not prohibit use of the documents and depositions as evidence in the trial of this case.~~ If any document, material or other information designated herein is used in testimony, discovery responses, or evidence, or is quoted in any brief, deposition, transcript or other paper filed in this case, such materials and papers shall be tendered to the court <u>along with an accompanying Motion to Restrict pursuant to D.C.COLO.LCivR 7.2</u> for filing under seal and if sealed, sealing shall

continue so as to prevent disclosure at the conclusion of the trial and any discovery response and deposition that qualifies as confidential pursuant to Fed. R. Civ. P. 26(c)(1)(G) ~~will~~ may be deemed confidential and will be covered under this Protective Order. Notwithstanding the foregoing, nothing in this provision or this Protective Order will limit the court's consideration of whether a document is confidential or should be restricted pursuant to D.C.COLO.LCivR 7.2;

5. That all copies of the documents and the videotaped depositions covered by this Protective Order shall be returned to American Family's counsel, Campbell, Latiolais & Averbach, LLC, within 30 days of the conclusion of this case, except to the extent that such documents are incorporated into court papers of which Plaintiff and her counsel may keep a copy for their records;

6. That this Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED this day of 1st day of May, 2015 by:


s/ Nina Y. Wang
_____
~~District Court~~ United States Magistrate Judge

Appendix A

Trujillo v. American Family Mutual Insurance Company
U.S. District Court for District of Colorado
Case Number: 2014-cv03060-BNB

**AGREEMENT OF CONFIDENTIALITY**

1. My full name is: _____

2. My address is: _____

3. My present employer is: _____

4. My present occupation or job description is: _____

5. I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any documents and videotaped depositions covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

7. I will return all documents and videotaped depositions covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain reference to such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

8. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 201_.

_____